UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 4:13CR00258 HEA |
| | ) | |
| BRANDY LEMONS, | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE BY THE UNITED TO STATES TO DEFENDANT'S
MOTION IN LIMINE REGARDING THE INTRODUCTION OF EVIDENCE
RELATING TO SOCIAL MEDIA**

Comes now the United States of America, by and through its attorneys, Richard Callahan, United States Attorney for the Eastern District of Missouri, and Tracy L. Berry, and responds to defendant's motion in limine to preclude the introduction of evidence relating to social media.

The government provided defendant with notice that it would seek to introduce certain Facebook postings by defendant and of Summitt Archery.  The evidence was discovered by Cynthia Goban, an analyst with the Social Security Administration Cooperative Disability Investigation Unit.  In the course of her duties, Ms. Goban uses a Facebook account to search for the public Facebook accounts of Social Security disability recipients and others.  The exhibits at issue were discovered during her investigation.

The government submits that as Rule 901(b) merely requires that "proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." FRE 901(a).  Consequently, the testimony of the analyst who discovered the evidence on the world-wide web would satisfy Rule 901(b)(1) of the Federal Rules of Evidence.  FRE 901(b)(1).

As "the process of presenting sufficient evidence to make out a *prima facie* case that the proffered evidence is what it purports to be" is quite broad, the testimony of the investigator who conducted the search that resulted in the disclosure of the contested evidence satisfies the requirements of Rule 901(b)(1).  United States v. Belfast, 611 F.3d 783, 819 (11th Cir. 2010).  In addition to meeting Rule 901(b)(1), the government will elicit testimony regarding the contents which will further establish their authenticity pursuant to Rule 901(b)(4).  United States v. Helmel 769 F.3d 1306, 1312 (8th Cir. 1985).   As either method standing alone would be sufficient to authenticate the evidence, the government maintains that defendant's motion *in limine* be denied.

Accordingly, the government requests that this Honorable Court deny defendant's motion to preclude the admission of its social media evidence.

                              Respectfully Submitted
                              RICHARD CALLAHAN
                              United States Attorney

                              s/   Tracy L. Berry
                              Tracy L. Berry 014753 TN
                              Assistant United States Attorney
                              Thomas F. Eagleton Courthouse, Rm. 20.333
                              111 South 10th Street
                              St. Louis MO 63102
                              (314) 539-2200

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing pleading was hand-delivered to Matthew Radefeld, Esq. on the 7th day of October, 2013.

                              s/   Tracy L. Berry
                              Assistant United States Attorney